UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KERSTIN HOFFMAN,

    Plaintiff,

v.                                      Case No.:  2:22-cv-466-SPC-NPM

RICHARD RENE ALIX,

    Defendant.
_____/

**OPINION AND ORDER**[1]

    Before the Court is Defendant Richard Rene Alix's Motion for an Order Denying Recognition of a Foreign Judgment.  (Doc. 40).  Plaintiff Kerstin Hoffman responded in opposition.  (Doc. 42).  For the following reasons, the Court denies Alix's Motion.

    The issue before the Court is simple—whether this Court can recognize a foreign judgment issued in Germany.  Alix and Hoffman were married and entered into a divorce settlement agreement in Germany.  This agreement required Alix to pay Hoffman $144,000.00 by December 1, 2014, with a default annual interest rate of 8%.  (Doc. 38-1 at Pg. 26).  In June 2014 a German Court

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

entered a final judgment of divorce and incorporated the settlement agreement into the judgment. (Doc. 38-1). Now, Hoffman seeks to enforce this judgment.

As a preliminary matter, the parties agree on the applicable law concerning foreign judgments. Because the Court sits in diversity jurisdiction, Florida law applies. *See Osorio v. Dole Food Co.*, 665 F.Supp.2d 1307, 1322 (S.D. Fla. 2009). As a result, the Court analyzes whether the foreign judgment at issue satisfies Florida's Out-Of-Country Foreign Judgment Act. *See* Fla. Stat. § 55.602 – 55.604. Florida defines an "out-of-country foreign judgment" as one "granting or denying recovery of a sum of money." Fla. Stat. § 55.602.

Alix's Motion hinges on his arguments that the German judgment does not meet this definition. Alix argues this Court cannot recognize the German judgment because: (1) the judgment itself does not grant or deny a sum of money; and (2) any award of attorneys' fees or costs for enforcement of the judgment is an unspecified amount. Each argument fails in turn.

First, the German judgment is clear on its face—it grants a sum of money. Per the terms of the German judgment, Alix was required to pay $144,000.00 to Hoffman by December 1, 2014. If he failed to make this payment, then the judgment would accrue 8% interest for each year the payment remained outstanding. Alix provides no reason why this is not a specific sum of money—he merely says it's not. But there is a specific sum: a base amount and a set percentage per year in addition for failure to pay. The

single case Alix cites where the court declined to recognize a judgment is inapposite—that judgment did not specify such a sum. See *Nicor Int'l Corp. v. El Paso Corp.*, 292 F. Supp. 2d 1357, 1365 (S.D. Fla. 2003) (finding no grant of a specific sum where the judgement declared a party breached an agreement and was responsible for an unspecified amount of damages). Here, the judgment is clear and unequivocal on the amount owed by Alix to Hoffman.

Second, Alix's argument about attorneys' fees and costs is misplaced. This is not a case where Hoffman seeks to enforce a foreign judgment *for* unspecified attorneys' fees and costs. Rather, Hoffman asks this Court to enforce the sum certain German judgment *and* seeks attorneys' fees and costs for having to enforce it. So, her request for attorneys' fees and costs is outside the "judgement" she attempts to enforce through Florida statute. Her request for attorneys' fees and costs is for this Court to determine later.

Accordingly, it is now **ORDERED:**

Defendant's Motion for an Order Denying Recognition of a Foreign Judgment (Doc. 40) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on April 3, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3