UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KERSTIN HOFFMAN,

     Plaintiff,

v.                                                          Case No.:  2:22-cv-466-SPC-NPM

RICHARD RENE ALIX,

     Defendant.

_____/

### OPINION AND ORDER[1]

Before the Court is Defendant Richard Rene Alix's Partial Motion to Dismiss Plaintiff's Second Amended Complaint.  (Doc. 43).  Plaintiff Kerstin Hoffman opposes.  (Doc. 45).  For the following reasons, the Court grants Alix's Partial Motion to Dismiss.

### BACKGROUND

This is a case for recognition of a German judgment.  Alix and Hoffman were married and entered into a divorce settlement agreement in Germany. This agreement required Alix to pay Hoffman $144,000.00 by December 1, 2014, with a default annual interest rate of 8%.  (Doc. 38-1 at Pg. 26).  In June 2014, a German Court entered a final judgment of divorce and incorporated

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

the settlement agreement into the judgment. (Doc. 38-1). Hoffman says Alix never paid. So now, Hoffman wants this Court to recognize the German judgement under Fla. Stat. § 55.601-07, so she can obtain the promised payment plus interest from Alix, a Florida citizen.

But Hoffman doesn't just seek recognition of the German judgment (Count I). Hoffman also claims actual and constructive fraudulent transfer and conversion (Counts II and III respectively) under Fla. Stat. § 222 and Fla. Stat. § 726. And here is why according to Hoffman. When Hoffman reached out to Alix about paying her, he wrote back that the payment had to come from his Thrift Savings Plan ("TSP") Account because he had no other funds. But Alix withdrew these TSP funds, making it harder for Hoffman to obtain them.[2] Hoffman believes Alix rolled the funds into an individual retirement account ("IRA"), which Alix says is exempt from being the payment source. Moving the money forms the basis of Hoffman's fraudulent transfer and conversion claims. Yet Alix moves to dismiss both claims under Fed. R. Civ. P. 12(b)(6).

---

[2] Hoffman explains it like this. "But for Defendant's fraudulent transfer to the IRA Account, Plaintiff, as the former spouse, could have submitted the German Final Judgment and the incorporated German Notarial Agreement with certified English translations to a competent US court and obtained a qualified benefits order which Plaintiff then would have submitted to the TSP Service Bureau, which would have transferred the Settlement Amount of $144,000 and accrued interest directly to a bank account of Plaintiff as the former spouse." (Doc. 38 at n.1).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly,* 550 U.S. at 555.  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly,* 550 U.S. at 570.  A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal,* 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 557 (internal quotation marks omitted)).  Finally, when considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

## DISCUSSION

Alix moves to dismiss Hoffman's claims for actual and constructive fraudulent transfer and conversion (Counts II and III).  Alix says Hoffman's argument is based on the German settlement agreement and judgment awarding Hoffman an interest in Alix's TSP account, when in fact they do not.

Hoffman argues she does have an interest in Alix's TSP account.  But both parties' arguments miss the mark.

Neither party spends much, if any, time on the required elements of fraudulent transfer or conversion claims.  Relevant here, a fraudulent transfer is a transfer made by a *debtor* with actual intent to hinder, delay or defraud any *creditor*.  Fla. Stat. Ann. § 726.105.  And fraudulent asset conversion is when a *debtor's* asset becomes exempt by law from the claims of a *creditor* if the *debtor* made the conversion with the intent to hinder, delay or defraud the creditor.  Fla. Stat. Ann. § 222.30.

Based on this law, Hoffman's status as Alix's creditor is necessary to her fraudulent transfer and conversion claims.  *See Kozma Investmentos, LTDA v. Duda,* No. 2:17-CV-306-FTM-99CM, 2017 WL 3193606, at *3 (M.D. Fla. July 27, 2017) (Fla. Stat. § 55.601-07 "contemplates a two-step process before the judgment can be collected in this state. First, the judgment must be recognized; then the judgment creditor must institute enforcement proceedings." (citing *Nadd v. Le Credit Lyonnais, S.A.*, 804 So. 2d 1226, 1231 (Fla. 2001)).  Although Hoffman is likely Alix's creditor based on the German agreement and judgment, the Court has yet to recognize the German judgment under Fla. Stat. § 55.601-07.  Without that recognition, Hoffman's fraudulent transfer and conversion claims put the cart before the horse.  Because the claims are premature, the Court will dismiss them without prejudice.

Accordingly, it is now

**ORDERED:**

Defendant Richard Rene Alix's Partial Motion to Dismiss (Doc. 43) is

**GRANTED**.

1. Counts II and III of Plaintiff Kersten Hoffman's Second Amended

   Complaint (Doc. 38) are **DISMISSED**.

2. Defendant must answer Count I of the Second Amended Complaint (Doc.

   38), which remains, on or before May 16, 2023.

   **DONE** and **ORDERED** in Fort Myers, Florida on May 2, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5