UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**KERSTIN HOFFMAN**,

    Plaintiff,

v.                                                              2:22-cv-466-NPM

**RICHARD RENE ALIX**,

    Defendant.

---

# ORDER

Plaintiff Kerstin Hoffman and defendant Richard Rene Alix were once married. But in 2014, they entered into a divorce settlement agreement in Germany. The agreement required Alix to pay Hoffman $144,000 by December 1, 2014, with a default annual interest rate of eight percent. (Doc. 38-1 at 26). In June 2014, the German court entered a final judgment of divorce and incorporated the settlement agreement into the judgment. (Doc. 38-1). Hoffman now seeks both recognition and enforcement of this judgment. (Doc. 38).

After a status conference before the court, the parties agreed to file a proposed consent judgment that would recognize and domesticate the German divorce judgment. (Doc. 60). But they were unable to do so. Now, Alix—the judgment debtor—moves the court for an order recognizing the German judgment under Florida's Enforcement of Foreign Judgments Act ("FEFJA"). (Doc. 66).

Hoffman opposes Alix's request for recognition of the German judgment. Not because she—as the judgment creditor—does not want recognition of the judgment, but because she also wants mechanisms for enforcing it. She believes the order of recognition must "specifically and expressly state that the foreign judgment is enforceable against all of [Alix's] assets, including but not limited to, [Alix's] retirement accounts, and must specifically identify said retirement accounts and locations." (Doc. 69 at 2). And before the court can do so, she argues that she is entitled to discovery to identify Alix's various assets against which she could enforce the German judgment, as well as an evidentiary hearing. But Hoffman puts the cart before the horse.

FEFJA outlines the procedures for recognition and enforceability of an out-of-court foreign judgment. *See* Fla. Stat. § 55.604. Pertinent here, section 55.604(5) provides that "[u]pon entry of an order recognizing the out-of-country foreign judgment . . . the out-of-country foreign judgment shall be enforced in the same manner as the judgment of a court of this state." Thus, applying FEFJA is a two-step process. *See Kozma Investmentos, LTDA v. Duda*, No. 2:17-cv-306-FTM-99CM, 2017 WL 3193606, *3 (M.D. Fla. July 27, 2017) (citing *Nadd v. Le Credit Lyonnais, S.A.*, 804 So. 2d 1226, 1231 (Fla. 2001)). "First, the judgment must be recognized[.]" *Nadd*, 804 So. 2d at 1231. Then, "[o]nce the recognition hurdle has been overcome, the next step in this process is enforcement." *Id.* at 1232.

Hoffman seemingly wishes to bypass this two-step approach and tackle both recognition and enforcement at once. But, as noted above, this is not proper. Indeed, Hoffman cites no authority to support her position that an order recognizing a foreign judgment must identify the assets against which the judgment can be enforced. Instead, she cites only a Florida statute and the Internal Revenue Code for the proposition that certain assets, that would otherwise be exempt, are subject to distribution or garnishment in a divorce proceeding. She also cites the divorce settlement agreement, which provides that the German judgment may be enforced against all of Alix's assets. But the assets from which Hoffman can collect on her foreign judgment has nothing to do with recognition of it.

To support her request for an evidentiary hearing, Hoffman invokes section 55.604(3), Florida Statues. But this too is misplaced. This section provides that Florida's circuit courts have "jurisdiction to conduct a hearing, determine the issues, and enter an appropriate order granting or denying *recognition*[.]" Fla. Stat. § 55.604(3) (emphasis added). It affords no right for an evidentiary hearing to identify available assets for judgment-enforcement purposes. Rather, a hearing under this section is proper only if a judgment-debtor objects to *recognition* of the foreign judgment. *See* Fla. Stat. § 55.604.

Having disposed of Hoffman's arguments, the issue before the court is a simple one: can the German judgment be recognized here in Florida? To qualify for

recognition, the German judgment must be "final and conclusive and enforceable where rendered." Fla. Stat. §§ 55.603, 55.604. Neither party disputes these elements are met. And Hoffman cannot conceivably oppose recognition of the German judgment since this step is required before she can enforce the judgment (which she is eager to do).

Accordingly, Alix's motion to recognize the foreign judgment (Doc. 66) is **granted**. The clerk is directed to enter judgment domesticating the German judgment. The German judgment is enforceable in the same manner as the judgment of a Florida court. *See* Fla. Stat. § 55.604(6).

Having domesticated the German judgment and in an effort to catalyze the impending enforcement proceedings, by **August 21, 2024**, Alix must complete and serve[1] a Florida Rule of Civil Procedure Form 1.977(a) Fact Information Sheet and all required documentation.[2]

**ORDERED** on July 31, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] The completed form need not be filed with the court.

[2] Alix agreed to do so during the June 6, 2023, status conference.

- 4 -